■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY KOWALCZYK, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting appellant of assault in the third degree. Judgment reversed on the law and the facts and a new trial ordered. The finding of guilt beyond a reasonable doubt was against the weight of the credible evidence. Wenzel, Acting P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: The record presents issues of fact and the resolution of such issues was not against the weight of the evidence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE KOWALCZYK, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting appellant of assault in the third degree. Judgment reversed on the law and the facts and a new trial ordered. The finding of guilt beyond a reasonable doubt was against the weight of the credible evidence. Wenzel, Acting P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: The record presents issues of fact and the resolution of such issues was not against the weight of the evidence.

## THIRD DEPARTMENT, NOVEMBER, 1958

## (November 10, 1958)

■ In the Matter of the Claim of JOSEPHINE FIORELLA, Respondent, against EMPIRE WORSTED MILLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for partial disability due to dermatitis venenata, found to be an occupational disease caused by contact with treated wool and other substances used in the employment. From the conflicting medical proof, the board chose to accept evidence, which seems to us substantial, relating the disease to the employment. Thus, we may not disturb the finding of causation. In our view, however, the record does not support the findings of disablement and reduced earning capacity upon which the award was predicated. Apparently claimant continued at work and quit only when the mill was permanently closed. Appellants accordingly contend that her loss of earnings is due, not to disability, but to economic reasons. (Cf. *Matter of Roberts* v. *General Elec. Co.*, 6 A D 2d 43; *Matter of De Vito* v. *West Virginia Pulp & Paper Co.*, 286 App. Div. 1057.) In determining a claimant's wage-earning capacity, in the absence of actual earnings, the board "may in the interest of justice fix such wage earning capacity as shall be reasonable * * * having due regard to the nature of his injury and his physical impairment." (Workmen's Compensation Law, § 15, subd. 5-a.) Sometimes the impact of a proven physical impairment upon a claimant's earning capacity is obvious or clearly inferable and additional medical or other proof directed to that specific issue is then unnecessary. The record before us, however, supports no such inference, in the face of the proof that claimant continued at her usual work and presumably received her usual wages until the plant was permanently shut down. It may be possible to develop the record further by proof as to claimant's condition and earning capacity after that time. Decision and award reversed and case remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.